## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

NANCY SHAW,                                      Case No. 1:10-cv-462
    Plaintiff

                                                Litkovitz, M.J.

    vs

CITY OF CINCINNATI,                              **ORDER**
    Defendant

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, alleging claims of sex discrimination, disability discrimination, and retaliation. Plaintiff seeks lost wages and benefits, damages for emotional pain and suffering, and attorney's fees and costs. This matter is before the Court on defendant's Rule 12(b)(6) motion to dismiss (Doc. 10) and plaintiff's response in opposition (Doc. 11). For the reasons stated herein, defendant's motion is **GRANTED** in part and **DENIED** in part.

### I.    PRELIMINARY MATTERS

In response to the motion to dismiss, plaintiff concedes the complaint does not state a cause of action for disability discrimination or for retaliation. Plaintiff further acknowledges that she is not seeking to bring a claim under 42 U.S.C. § 1983. (Doc. 11, p. 3). Consequently, defendant's motion to dismiss is **GRANTED** as unopposed as to plaintiff's retaliation claim in Count II and plaintiff's disability discrimination claim in Count III. Thus, the remaining issue is limited to whether plaintiff has stated a Title VII claim for sex discrimination (Count I) sufficient to withstand defendant's Rule 12(b)(6) motion.

### II.    STANDARD OF LAW

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant

to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly,* 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555 (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Although plaintiff need not plead specific facts, her statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted). Plaintiff's factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal

2

evidence to support the claim. *Twombly,* 550 U.S. at 556.  This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.    FACTUAL ALLEGATIONS

Plaintiff Nancy Shaw was a female public employee of defendant City of Cincinnati from 1998 to 2009.  (Doc. 1, ¶¶ 8, 9).  At the time of her dismissal, she held the position of Clerk/Typist II. *Id.* at ¶ 13.  During her tenure, she had worked for the Metropolitan Sewer District as a utility laborer. *Id.* at ¶ 10.  Plaintiff received notification that her employment was terminated pursuant to a Reduction-In-Force at which time she informed the defendant of her previous utility laborer experience. *Id.* at ¶ 11.  Plaintiff alleges that she had a right to "bump" employees with less seniority, pursuant to the union agreement, and be placed in previously held positions. *Id.* at ¶ 12.  Subsequent to her termination, plaintiff complained to the Civil Service Commission and defendant's internal human resources department that she had been denied her bumping rights as guaranteed by the union contract. *Id.* at ¶ 13.  Plaintiff further complained to these agencies that all current utility laborers were male. *Id.*  Plaintiff alleges that defendant declined to offer plaintiff the position of utility laborer because she is a female and could not do the job. *Id.* at ¶ 14.

## IV.    ANALYSIS

Title VII prohibits discrimination in employment, including denying contractual rights, on the basis of race, color, religion, sex, and national origin.  42 U.S.C. § 2000e-2.  There are two primary ways to allege employment discrimination under Title VII: disparate treatment or

disparate impact. *Phillips v. Cohen,* 400 F.3d 388, 397 (6th Cir. 2005); *Int'l Broth. of Teamsters v. United States,* 431 U.S. 324, 335 n. 15 (1977) (recognizing disparate treatment and disparate impact methods of proof). In a sex-based disparate treatment claim, the plaintiff must allege that the employer has a discriminatory motive and treats some employees less favorably than others on the basis of sex. *Hughley v. General Motors Corp.,* 52 F.3d 1364, 1370 (6th Cir. 1995).

On the other hand, to state a claim for sex discrimination under a disparate impact theory, a plaintiff must allege that the employer's "facially neutral employment practices . . . have a disproportionately negative effect" on a particular sex and cannot be justified by business necessity. *Id.* In disparate impact claims, a plaintiff must present "statistical evidence of systematic discrimination." *Id.* By virtue of plaintiff's pleading and her silence to defendant's assumption that she is not raising her claim under a disparate impact theory, the Court will analyze the pleading under a disparate treatment theory.

Defendant argues that to state a claim under a disparate treatment theory the complaint must allege a prima facie case under *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1972).[1] However, the Supreme Court has held that the *McDonnell Douglas* elements are "an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510 (2002). The Court further "held that an employment-discrimination plaintiff satisfies her pleading burden by drafting a short and plain statement of the claim consistent with Federal Rule of Civil Procedure 8(a)." *Lindsay v. Yates,* 498 F.3d 434, 439 (6th Cir. 2007) (citing *Swierkiewicz,* 534 U.S. at 508)[2] (internal quotations omitted). *See also Pedreira v. Kentucky Baptist Home for*

---

[1] "[P]laintiff must allege that: (1) she belongs to a racial minority or other protected class; (2) she applied and was qualified for a job for which the employer was seeking applicants; (3) despite her qualifications, she was rejected; (4) after her rejection, the position remained open and the employer continued to seek applicants from persons of complainants qualifications." (Doc. 10, p. 5) (quoting *McDonnell Douglas Corp.,* 411 U.S. at 802).

[2] The Sixth Circuit in *Lindsay* addressed the viability of the holding in *Swierkiewicz* in light of the *Twombly* decision and determined that "[b]ecause the Supreme Court majority distinguished *Swierkiewicz* and nowhere

4

*Children, Inc.*, 579 F.3d 722, 728 (6th Cir. 2009). If the complaint provides "the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests, [it] must be upheld." *Yates*, 498 F.3d at 439. Applying this standard to the instant complaint, the Court finds that plaintiff alleges sufficient facts to give defendant fair notice of her claim and its basis.

Plaintiff alleges she was discriminated against by the City when it refused to offer her a position as a utility laborer because of her sex. She alleges she held the position of utility laborer prior to being transferred to the position of Clerk/Typist II. She complains that after she was laid off, she was denied her bumping rights whereby her seniority entitled her to "bump" less senior employees in a job for which she was qualified, *i.e.*, utility laborer. She alleges all utility laborers are male and that, despite her qualifications, she was not placed in the position and denied her bumping rights based on her sex. Considering these facts, taken in the light most favorable to plaintiff, the complaint alleges sufficient factual content on its face to allow the Court to draw the reasonable inference that the City is liable for discrimination under Title VII.

Plaintiff's EEOC charge of discrimination, which defendant attached to the instant motion to dismiss, bolsters her Title VII claim. Though, generally, a court may not consider matters outside of the pleadings when ruling on a 12(b)(6) motion without converting it into a Rule 56 motion for summary judgment, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993). *See also Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (finding error in district court's

---

expressed an intent to overturn it, we have no basis for concluding that *Swierkiewicz* is no longer good law. Moreover . . . in *Erickson v. Pardus*, 551 U.S. 89 (2007), decided after *Twombly*, the Supreme Court reaffirmed that Rule 8(a) 'requires only a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Yates*, 498 F.3d at 440, n. 6.

failure to consider information contained in EEOC filing as it was central to plaintiff's discrimination claim). Here, plaintiff's complaint directly references her EEOC charge of discrimination and, as filing an EEOC charge is a precondition to bringing a Title VII claim, the documents are clearly central to the complaint and are properly considered in light of the instant motion. *Amini*, 259 F.3d at 503.

In her EEOC charge, plaintiff asserts she was unlawfully discriminated against because of her sex and further provides that, of the approximately 53 employees affected by the budget cuts, "26 employees were transferred to other positions and 27 were laid off . . . I am aware that *[defendant] has retained individuals not in the protected age class, Caucasians and males with less seniority than I.* I can only believe I was treated in this manner because of my age, race, and sex." (Doc. 10, Ex. 1) (emphasis added). While the complaint alone suffices, taken in conjunction with plaintiff's EEOC charge, there is no question that plaintiff has alleged facts sufficient to provide defendant fair notice of her sex discrimination claim and the grounds upon which it rests. Accordingly, defendant's motion to dismiss Count I is **DENIED**.

V. **CONCLUSION**

For these reasons, **IT IS HEREBY ORDERED** that defendant's motion to dismiss is **DENIED** with respect to plaintiff's Title VII sex discrimination claim (Count I) and **GRANTED** with respect to Counts II and III.

Date: 4/6/2011

Karen L. Litkovitz
United States Magistrate Judge

6